**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANKUR RAKSHIT,

    Plaintiff,

v.

LAYERX TECHNOLOGIES INC., et al.,

    Defendants.

Case No. 2:25-cv-00911-APG-NJK

**Order**

[Docket No. 34]

Pending before the Court is the parties' stipulation to extend case management deadlines by 90 days.  Docket No. 34.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause.  Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.  The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).  "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022).  The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).  Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012).  "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.  When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1]  Although the Court may consider the joint nature of a

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated

1

stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The parties request a 90-day extension of case management deadlines because they believe that their efforts would be better focused on a formal mediation, which they are in the process of scheduling. Docket No. 34 at 2. Further, the parties submit that they agreed to an informal stay of discovery in an attempt to schedule the mediation. *Id.* Additionally, the parties submit that Plaintiff has not yet served his discovery responses in an effort to direct efforts to engage in formal mediation. *Id.* The parties have not been diligent in conducting discovery. *Id.* Since the Court issued its scheduling order on January 27, 2026, Defendants waited until March 30, 2026, to serve discovery requests and have conducted no other discovery since. *See* Docket No. 29; *see also* Docket No. 34 at 2. Plaintiff has not engaged in any discovery efforts at all. *See id.* It is well-settled that parties cannot stay discovery without a court order. Therefore, the parties have not been diligent. When the Court finds a lack of diligence, the inquiry ends. Additionally, "settlement discussions and the potential for alternative dispute resolution should have an ongoing presence in federal litigation from its inception." *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1181 (D. Nev. 2022) (citing Fed. R. Civ. P. 26(f)(2) and Local Rule 26-1(b)(7)). "[I]t is well-settled that the existence of settlement talks or the potential for alternative dispute resolution is not, standing alone, sufficient to establish good cause for an extension of the case management deadlines." *Id.* (collecting cases).

Accordingly, the Court **DENIES** the parties' stipulation. Docket No. 34.

IT IS SO ORDERED.

Dated: June 18, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).