UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ANKUR RAKSHIT, individually,

        Plaintiff,

    v.

LAYERX TECHNOLOGIES INC., a Delaware
Corporation; MATTER LABS, a Cayman
Islands Company; DOES 1-10; ROE BUSINESS
ENTITIES 11-20,

        Defendants.

Case No. 2:25-cv-00911-APG-NJK

**ORDER GRANTING
REVISED STIPULATION AND
PROPOSED ORDER TO EXTEND
DISCOVERY DEADLINES**

**[FIRST REQUEST]**[1]

Plaintiff Ankur Rakshit and Defendants Matter Labs Technologies, Inc. f/k/a LayerX Technologies Inc., and Matter Labs, through their respective counsel, hereby stipulate to amend the Scheduling Order, (ECF No. 28), by extending the outstanding discovery deadlines for a period of **forty-five** (**45**) days under LR IA 6-1, 6-2, and LR 26-3.

This is the first request for an extension to the Scheduling Order in this matter. The requested extension is sought in good faith and not for purposes of undue delay. This request is timely under LR 26-3 as it is submitted at least twenty-one (21) days or more before each

---

[1] The parties filed an initial request, which was denied, (ECF No. 35). This is a renewed and revised request to extend discovery in light of that denial with additional information, so while it is technically the second request, it still pertains to the first request to extend discovery overall.

discovery deadline set forth below.  Revised and added information demonstrating good cause is included herewith in **bold**.

## I.    DISCOVERY COMPLETED TO DATE & RELEVANT PROCEDURAL BACKGROUND

The Parties have exchanged the following discovery and would like to provide the following procedural background for context:

- Plaintiff served his initial disclosures on July 17, 2025.

- Defendants served their initial disclosures on July 17, 2025.

- The parties entered into a stipulation to stay discovery pending the Court issuing a decision on the motion to dismiss on September 26, 2025, (ECF No. 23).

- The Court granted this stipulation on September 29, 2025, (ECF No. 24).

- The Court entered its order on the motion to dismiss on January 12, 2026, (ECF No. 25).

- The parties submitted their joint stipulated discovery plan and scheduling order on January 27, 2026, (ECF No. 28).

- On March 30, 2026, Defendants served their First Set of Interrogatories and Requests for Production to Plaintiff.

Since the order on the motion to dismiss was issued, the parties have engaged in informal settlement discussions. However, the parties believe that their efforts would be better focused on a formal mediation, which the parties are in the process of trying to schedule. Due to attempting to engage in formal mediation, the parties agreed to an informal stay of discovery in an attempt to schedule the mediation, and the parties are continuing to work together to choose a mediator and schedule it accordingly. Because of this, Plaintiff has not yet served his discovery responses in an effort to direct efforts to engage in formal mediation.

## II.    DISCOVERY THAT REMAINS TO BE COMPLETED

Defendants intend to depose Plaintiff and subpoena any relevant entities based on what Plaintiff includes in his discovery responses.

Plaintiff intends to depose the Defendants pursuant to Fed. R. Civ. P. 30(b)(6), Alex

2

Gluchowski (the CEO and Director of Matter Labs), Zoe Gadsden (Chief Operating Officer), and subpoena Defendants' prior executives and any other relevant persons based on what Defendants include in their discovery responses.

### III.    REASONS FOR EXTENSION TO COMPLETE DISCOVERY

This extension is necessary to allow all parties sufficient time to engage in formal mediation and try to resolve this case in good faith. The parties are working on finalizing July 17th as the mediation date with either the Honorable Judge Leen or the Honorable Judge Hoffman, and they are in the final stages of doing so.

**Moreover, at least on behalf of Defendants, this extension is necessary pursuant to the following:**

- **Defense counsel, Kelsey Stegall, had two medical emergencies in March and April. Specifically, Ms. Stegall had two miscarriages that were traumatic, one of which caused hospitalization and both of which resulted in time away due to the nature of the medical emergencies.**

- **Lead Defense counsel, Katy Branson, was on a leave of absence from January 2026 through April of 2026, and she ultimately unexpectedly departed the firm in April of 2026.**

- **Ms. Branson was replaced with Wendy Krincek at that time, who had to become familiar with the matter.**

- **Ms. Krincek encountered a family medical issue with an immediate family member in April until early May, when that family member passed away.**

- **Defense counsel's office is currently severely understaffed pursuant to other attorneys' departures and are working on remedying that with other deadlines and the aforementioned personal issues.**

**Accordingly, given these unforeseen and unfortunate circumstances, Defendants believe good cause exists to grant additional time to complete discovery. Due to the personal nature of these situations, Defendants did not include this information in the prior filing, but are willing to disclose them now in the request for an extension to show good cause for**

3

**additional time.**

In the event the mediation is not successful, the extension is necessary to allow the parties time to obtain the remaining outstanding documents, complete discovery responses and meet and confer efforts, if necessary, and conduct depositions of the witnesses identified above. Due to the schedules of counsel, the mediators, and the summer season, the parties will not be able to formally engage in mediation and complete all written discovery, meet and confer efforts, or schedule the depositions prior to the discovery deadline. Accordingly, the parties believe that, absent any unforeseen circumstances, all necessary discovery can be accomplished by the requested extended deadline. Good cause exists to extend all deadlines in order to permit the parties to achieve their respective stated discovery goals.

<u>**PROPOSED SCHEDULE FOR COMPLETING REMAINING DEADLINES**</u>

|  | <u>Current Deadline</u> | <u>Proposed New Deadline</u> |
|---|---|---|
| Discovery Cut-Off | July 13, 2026 | **August 27, 2026** |
| Dispositive Motions | August 12, 2026 | **September 28, 2026[2]** |
| Pretrial Order | September 11, 2026 | **October 26, 2026[3]** |

/ / /

/ / /

/ / /

---

[2] The 45th date falls on Saturday, September 26, so the parties have moved this date out to the next Monday.

[3] If dispositive motions are filed, the deadline shall be suspended until thirty (30) days after the decision of the dispositive motions or further order of the Court.

## EXTENSIONS OR MODIFICATION OF THE DISCOVERY PLAN AND SCHEDULING ORDER

In accordance with Local Rule 26-3, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made at least twenty-one (21) days prior to the expiration of the subject deadline.

Dated: June 22, 2026                                    Dated: June 22, 2026

THE JIMMERSON LAW FIRM, P.C.            LITTLER MENDELSON, P.C.


/s/ James J. Jimmerson                           /s/ Kelsey E. Stegall
James J. Jimmerson, Esq.                         Wendy M. Krincek, Esq.
James M. Jimmerson, Esq.                         Kelsey E. Stegall, Esq.

Attorneys for Plaintiff                              Attorneys for Defendants
ANKUR RAKSHIT                                   MATTER LABS TECHNOLOGIES, INC.
                                                             f/k/a LAYERX TECHNOLOGIES INC. and
                                                             MATTER LABS


**IT IS SO ORDERED.**

Dated:  June 23, 2026


_____
UNITED STATES MAGISTRATE JUDGE

5